CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
August 31, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LARRY GENE HARLESS, JR., | ) | |
| Plaintiff, | ) | Case No. 7:26-cv-00263 |
| v. | ) | **MEMORANDUM OPINION** |
| JOSHUA S. CUMBOW and LORETT DOYLE | ) | By: Hon. Thomas T. Cullen, United States District Judge |
| Defendants. | ) | |

Plaintiff Larry Gene Harless, Jr., a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendants Joshua S. Cumbow and Lorett Doyle. (*See* Compl. [ECF No. 1].) Plaintiff did not pay the filing fee before filing his complaint and instead appears to be seeking leave to proceed with this action *in forma pauperis*.

Under the 'three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner may not bring a civil action without prepayment of fees, even upon meeting the *in forma pauperis* requirements, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(g). From the court's review, Plaintiff has had more than three cases dismissed as frivolous, malicious, or for failure to state a claim while incarcerated, including:

(i) *Harless v. Andis*, Case No. 7:25-cv-00889 (W.D. Va.) (dismissed for failure to state a claim)

(ii) *Harless v. Cumbow, et al.*, Case No. 7:25-cv-00890 (W.D. Va.) (dismissed for failure to state a claim)

(iii) *Harless v. Rose*, *et al.*, Case No. 7:25-cv-00503 (W.D. Va.) (dismissed for failure to state a claim)

Because Plaintiff has three "strikes" under § 1915(g), he is only eligible to proceed without prepaying the filing fee if he demonstrates that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This exception to the three-strikes rule "allows a very narrow class of prisoner claims to bypass the 'three[-]strikes' rule." *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 95 (4th Cir. 2020). Importantly, "the requisite imminent danger of serious physical injury must exist at the time the complaint [is filed] or the risk that the conduct complained of [must] threaten[] continuing or future injury . . . ." *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012). When a prisoner has three or more strikes and does not show imminent danger, he or she must pay the full filing fee to proceed with his or her claims. *See Green v. Young*, 454 F.3d 405, 407–08 (4th Cir. 2006).

Plaintiff's filings do not show that he is in imminent danger of serious physical harm. Plaintiff alleges that Defendants drafted an "unconscionab[le]" and "unconstitutional" plea agreement through which Plaintiff agreed to waive certain rights under the Fourth Amendment. (*See* Compl. at 2–3.) But "[s]uch past events cannot support a finding of imminent danger under § 1915(g)." *Bea v. Watson*, No. 7:08-cv-00547, 2008 WL 4960424, at *2 (W.D. Va. Nov. 18, 2008). Furthermore, the complaint does not raise any credible allegation that Plaintiff is currently in imminent danger of suffering physical harm from Defendants or any other person. (*See* Compl.) Therefore, Plaintiff has failed to allege facts sufficient to overcome the bar of § 1915(g).

For these reasons, Plaintiff is not eligible for the exception to § 1915(g)'s three-strikes provision and cannot proceed with this action without paying the full filing fee. The court will

therefore deny Plaintiff leave to proceed *in forma pauperis* and will order that he pay the full filing fee within 30 days to proceed with his claims in this action.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 31st day of August, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE